JASPER E. JONES, Judge.
This is an appeal of a judgment rejecting a demand to set aside a sale of immovable property because of lesion beyond moiety. The plaintiff is Dr. David King, Jr., grandson of the late John K. Atkinson. The defendants in rule are Mrs. Anne Atkinson Milstead, Dr. King’s aunt and administra-trix of the estate of his grandfather, and Mrs. Milstead’s husband, William J. Mil-stead. We affirm.
On September 24, 1981, John K. Atkinson sold 8.8 acres improved with two houses and several storage buildings located in rural Ouachita Parish to his daughter, Mrs. Milstead, and her husband. Mr. Atkinson received in payment a promissory note in the principal amount of $70,000, bearing 6% per annum interest payable in 360 monthly installments of $419.69 each. The property was mortgaged to secure payment of the note. In addition, Mr. Atkinson also benefited from a vendor’s lien which secured repayment of the obligation. Mr. Atkinson died intestate on October 2, 1982, and Mrs. Milstead was appointed administratrix of his estate. The sole heirs are Dr. King, representing his deceased mother, and Mrs. Milstead.
Mrs. Milstead filed a sworn detailed descriptive list which included the promissory note as an asset of the estate. The note was valued in the descriptive list at $40,-627.06. Next to this valuation on the sworn descriptive list is the following statement: “At present value for 12% return on the investment.” The record does not otherwise explain the basis for this evaluation. Dr. King challenged this evaluation and asserted that the value of the note, as of the date of sale, was $27,445.90. He contends the market interest rate on the date *914 of the sale was 18.27% and this was the rate the note should have borne. He contends the failure to charge the amount of interest required by the market depreciates the value of the note as of the date of the sale to the sum of $27,445.90. He argues this amount was the consideration received by the decedent for the property and that it was less than one-half its value at the time of the sale. For this reason he demands the sale be rescinded because of lesion beyond moiety. The trial court found at the time of the sale the property had a value of $65,000 and the promissory note had a value of $40,801.60. The court rejected Dr. King’s demand because the note so valued exceeded by more than one-half the value of the property sold.
LAW ON LESION BEYOND MOIETY IN CREDIT SALES
In an action to rescind the sale of an immovable due to lesion beyond moiety, the vendor has the burden to prove, by clear and convincing evidence, that at the time of the sale the price paid was less than one-half of the value of the property, LSA-C.C. arts. 2589, 2590, Mullins v. Page, 457 So.2d 64 (La.App.2d Cir.1984), writ denied, 459 So.2d 538 (La.1984). In owner-financed sales of immovable property', the principal amount on the face of a promissory note reflects the actual price paid unless the vendor shows that the terms agreed upon by the parties are at variance with the usual credit terms given in the market for sales of similarly described properties under similar financing conditions. Only after this variance is established is it proper to discount the credit price by an appropriate amount to adjust for the interest shown on the note to be less than the usual market rates, LSA-C.C. art. 1870 (now LSA-C.C. art. 1965 (Acts 1984, No. 331, § 1, eff. January 1, 1985)), Mullins v. Page, supra, Parker v. Rhodes, 260 So.2d 706 (La.App.2d Cir.1971).
The discounted note is then compared to the appraised value of the property to determine if the price paid was less than one-half its value and for that reason le-sionary.
Plaintiff attempted to prove the value of the promissory note on the day of the sale with the expert testimony of Dr. Don McDonald, an economist, who is an assistant professor at Northeast Louisiana University. In connection with his testimony, Dr. McDonald presented a chart compiled by the Federal Home Loan Bank showing the national average on conventional home mortgage interest rates in September, 1981 was 17.27%. This average figure was based upon rates charged by lending institutions. Dr. McDonald also presented an article from the September 24, 1981 edition of the Wall Street Journal showing that conventional home mortgage rates on that date were averaging 18.27%.
Dr. McDonald presented a chart he prepared showing the discount value of a 30 year $70,000.00 note bearing 6% interest at various market interest levels. The chart reveals the discount value of the note was less than half the value of the property at an interest market rate of either 17.27% or 18.27%. The chart shows that at a market rate of 17.27% the discount value of the note was $28,991.60 and at 18.27% the discount value was $27,445.60.
The trial court rejected Dr. McDonald’s testimony on the basis that at the time of the sale Louisiana usury laws placed an interest ceiling of 12% on conventional loans. See LSA-C.C. art. 2924 and LSA-R.S. 9:3503. The court’s valuation of the note at $40,801.10 is based on an interest market rate of 12% as shown on Dr. McDonald’s chart. Plaintiff contends the trial court erred in failing to find that the state usury laws were preempted by provisions of the National Housing Act, 12 U.S.C. §§ 1701-1750, allegedly exempting from state usury laws any owner financed sales of residential property. See the historical notes under 12 U.S.C. § 1735Í-7.
The record contains no clear and convincing evidence that a 360 month repayment period and a 6% interest rate is at variance with the usual credit terms given for sales of similar owner-financed proper *915 ties. The only evidence having any bearing on this issue is the testimony of the appel-lee’s appraiser, Mr. James Aycock. He testified that he was unaware of what the market interest rate was for owner-financed properties at the time of the sale but related that it was "something less” than the interest rate charged by lending institutions at the time. He offered as an example the sale of his mother’s house in December of 1981 where mortgage interest of 10.5% was accepted by the owner. Dr. McDonald’s chart establishes that if the owner-financed interest market rate required interest at the rate of 10V2% on the date of the note, which is the subject of this litigation, that the present value of this 6% note would be the sum of $45,880.40, which is far more than one-half the value of the property. Dr. McDonald gave no testimony at all on the usual credit terms for similar sales in the owner-financed market.
We find it unnecessary to decide the question of whether the state usury laws were preempted by federal legislation because we conclude that the appellant has not established by clear and convincing evidence what the interest market was on owner-financed sales. He has not established that this interest rate was more or less than 12% and for this reason the federal preemption question is irrelevant.
Plaintiff has not established that the price paid for the property valued at $65,-000 was less than one-half its value. Plaintiff failed to carry his burden of proving the price received by Mr. Atkinson was lesionary.
For the foregoing reasons the judgment of the trial court is AFFIRMED.